NATIONAL GUARD — LEAVE FOR DUTY When ordered by proper authority to active service, all officers and employees of the State, or subdivision thereof, or municipality therein, who are members of the National Guard, are entitled, under the provisions of 44 O.S. 209 [44-209] (1973), to leave with pay for only the first twenty calendar days of such leave from civil employment taken during a calendar year. Active duty performed on normal non-working days for the individual involved is not considered part of the twenty calendar days authorized. "Active service" as used in 209 refers to service ordered by either state or national authorities. The Attorney General has considered your opinion request wherein you ask, in effect, the following questions: 1. Does 44 O.S. 209 [44-209] (1973) provide for leave with pay for the first twenty calendar days of each tour of duty, or only the first twenty days of duty during a calendar year ? 2. Is active duty performed by an individual on his normal non-working days considered part of the twenty calendar days authorized ? 3. As used in 44 O.S. 209 [44-209] (1973), does "active service" refer only to federally ordered active duty? Section 209 was amended in 1973 by the Legislature to provide as follows: "All officers and employees of the state, or subdivision thereof, or municipality therein, who are members of the National Guard, shall, when ordered by proper authority to active service, be entitled to a leave of absence from such civil employment with periods of such active service, without loss of status or efficiency rating, and without loss of pay during the first twenty (20) calendar days of such leave of absence during any calendar year." (Emphasis added) In addition to reducing the thirty-day provision found in 209 prior to the 1973 amendment to twenty days, the Legislature added the words underlined above. The additional words help clarify the legislative intent by limiting maintenance of status and salary to only the first twenty calendar days of such leave "during any calendar year." This means only the first twenty days of leave taken in a calendar year. The Legislature did not provide that said benefits would accrue during the first twenty calendar days of each separate leave of absence. This conclusion is strengthened by noting that when the Legislature amended 44 O.S. 209 [44-209], they also amended 72 O.S. 48 [72-48] (1971) in the same Senate Bill. (1973 O.S.L. 519) Section 48 formerly provided: "All officers and employees of the State, or a subdivision thereof, or a municipality therein, who are members, either officers or enlisted men of the Reserve Corps of the Army, the Navy, the Marine Corps, the Coast Guard, the Women's Auxiliary Corps, or any other component of the Armed Forces of the United States, shall, when ordered by the proper authority to active duty or service, be entitled to a leave of absence from such civil employment for the period of such active service without loss of status or efficiency rating and without loss of pay during the first thirty (30) days of such leave of absence." (Emphasis added) The Legislature specifically changed the underlined language to read, "twenty (20) calendar days of such leave of absence during any calendar year." The Legislature amended language granting maintenance of status and salary for the first thirty days of each separate leave of absence and specifically said that it applied only during the first twenty calendar days of leave "during any calendar year." The answer to your second question also turns on Legislative intent. Section 209 has consistently contained the language leave of absence "from such civil employment." This indicates that only active duty performed on a normal working day for the individual involved counts toward the statutory twenty days. It is not necessary to grant a leave of absence for active duty performed on a normal, non-working day because the employee is not in fact being granted any unusual or extra time off from work. As regards your third question, 209 provides that a leave of absence is granted to members of the National Guard "when ordered by proper authority to active service." The statute does not condition the leave of absence on whether the active service is ordered by state or federal authorities. Therefore, members of the National Guard are entitled to said leave of absence when ordered to active service by either the state or the federal government, both entities qualifying as proper authorities under the provisions of 209. It is, therefore, the opinion of the Attorney General that your questions be answered as follows. When ordered by proper authority to active service, all officers and employees of the State, or subdivision thereof, or municipality therein, who are members of the National Guard, are entitled, under the provisions of 44 O.S. 209 [44-209] (1973), to leave with pay for only the first twenty calendar days of such leave from civil employment taken during a calendar year. Active duty performed on normal non-working days for the individual involved is not considered part of the twenty calendar days authorized. "Active service" as used in 209 refers to service ordered by either state or national authorities. (Mike D. Martin) ** SEE: OPINION NO. 76-161 (1976) **